UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

FEB 1 9 2010

DOCKET NO.: 3:08CR233-R

| | |
|---|---|
| UNITES STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CONSENT ORDER AND |
| v. ) | JUDGMENT OF FORFEITURE |
| ) | |
| (3) RICHARD VARELA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

BASED UPON the Defendant's plea of guilty, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. § 982, 18 U.S.C. § 1028(b)(5), 21 U.S.C. § 853 and/or 28 U.S.C. § 2461(c), and in partial satisfaction of the $12,000,000 forfeiture money judgment entered at Docket 48 against Defendant Varela in this case and orally ordered at the sentencing hearing:

**One 2007 Chrysler 300, VIN#: 2C3KA63H27H76752.**

2. The parties advise the Court that Defendant surrendered the above-described tangible property to his attorney for delivery to the Internal Revenue Service and/or other property custodian. The Internal Revenue Service and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the property;

3. The United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the property, and shall publish notice of this forfeiture as required by law;

4. Any person, other than the Defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of the alleged interest; and

5. Following the Court's disposition of all timely petitions filed, a Final Order of Forfeiture shall be entered as to the property. If no third party files a timely petition, this Order shall become the Final Order and Judgment of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset constitutes property derived from or traceable to proceeds of Defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and is therefore subject to forfeiture pursuant to 18 U.S.C. § 982, 18 U.S.C. § 1028(b)(5), 21 U.S.C. § 853 and/or 28 U.S.C. § 2461(c). The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby withdraws that claim. If Defendant has not previously submitted such a claim, Defendant hereby waives all right to do so.

EDWARD R. RYAN
ACTING UNITED STATES ATTORNEY

_____
BENJAMIN BAIN-CREED
Special Assistant United States Attorney

_____
RICHARD VARELA
Defendant

_____
RICHARD EUGENE BEAM, ESQ.
Attorney for the Defendant

Signed this the 12 day of February, 2010

_____
UNITED STATES DISTRICT JUDGE